■ CARILIO SANON et al., Respondents, v EVA MOSKOWITZ, Appellant. [843 NYS2d 510]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated October 16, 2006, as denied her motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the defendant failed to establish her prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]). One of the plaintiffs' treating physicians Jeffrey Schwartz opined, inter alia, after an orthopedic examination and diagnostic imaging, that both of the plaintiffs suffered measurable losses in lumbar and cervical ranges of motion as a result of the subject accident. The defendant's expert orthopedist, S. Farkas, after examining both plaintiffs and reviewing Dr. Schwartz's prior reports, opined that the plaintiffs' cervical and lumbar sprains had resolved. However, there is no evidence that Dr. Farkas measured the plaintiffs' lumbar extension or cervical lateral flexion (left and right)—areas in which Dr. Schwartz previously had noted decreased ranges of motion. Moreover, whereas Dr. Schwartz had considered 60 degrees to be the normal range of cervical flexion and extension, Dr. Farkas considered anything above 30 degrees to be normal. Because Dr. Farkas's reports failed to resolve all triable issues of fact as to whether either

plaintiff sustained a serious injury, summary judgment was properly denied (see *Ayotte v Gervasio*, 81 NY2d 1062 [1993]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.